IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROY LEE ANDERSON, JR.,**

    **Plaintiff,**

    v.                                       **Civil Action 2:19-cv-3631**
                                                **Judge George C. Smith**
                                                **Magistrate Judge Jolson**

**JUDGE TED BARROWS, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION
## AND ORDER

Plaintiff Roy Lee Anderson, Jr., who is proceeding a *pro se,* is currently incarcerated at Franklin County Correctional Center, and brings this civil rights action under 42 U.S.C. § 1983, against Defendants Judge Ted Barrows, Franklin County Sheriff Department, Sheriff Dallas Baldwin, Sgt. Lewis Schrader, Franklin County Correction Center, Franklin County, Ohio, and John Doe Classification Office. (*See* Docs. 1, 4). This matter is before the undersigned for consideration of Plaintiff's Motions for Leave to Proceed *in forma pauperis* (Doc. 3) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

For the reasons that follow, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B).

    **I.**     **MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS*

Upon consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (Doc. 3), Plaintiff's Motion is **GRANTED**. Plaintiff is required to

pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has an insufficient amount to pay the full filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account at the Franklin County Correction Center is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint. After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to Clerk, United States District Court and should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

Consequently, it is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## II. INITIAL SCREEN

### A. Relevant Standard

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### B. Plaintiff's Complaint

The Court has thoroughly reviewed both Plaintiff's original Complaint, (Doc. 1), as well as what appears to be an Amended Complaint, (Doc. 4). Generally speaking, Plaintiff's claims stem from an unfavorable decision issued by Judge Ted Barrows, of Franklin County Municipal Court. (*See generally*, Docs. 1, 4). On May 8, 2019, Plaintiff was arrested for violating a

protective order.[1] (Doc. 1 at 5). At Plaintiff's revocation hearing on July 18, 2019, Judge Barrows sentenced Plaintiff to 148 days at Franklin County Correctional Center with restricted privileges. (*Id.*). Specifically, Judge Barrows purportedly placed Plaintiff on "phone restriction, no exercise, and on administrative segregation 24 hours lockdown." (*Id.*).

In his Complaint, Plaintiff alleges that: (1) he was not provided with "the administrative policy" regarding his restricted privileges; (2) he has not received a hearing or notice regarding the terms of his confinement; and (3) he is unable to speak with his family or exercise out of his cell. (*Id.*). As a result, Plaintiff brought suit against Judge Barrows, Sheriff Baldwin, Sgt. Lewis Schrader, the Franklin County Sheriff Department, the Franklin County Correction Center, Franklin County, Ohio, and John Doe. (Docs. 1, 4). For relief, Plaintiff seeks declaratory and injunctive relief as well as compensatory damages in the amount of $50,000 against each Defendant. (Doc. 1 at 6).

### C. Discussion

Plaintiff's claims fail for two primary reasons. First, his claims regarding access to privileges and a grievance system fail to state a cognizable liberty interest and consequently, fail as a matter of law. Second, Plaintiff names several Defendants who are absolutely immune from liability.

#### *1. Failure to State a Claim*

First, Plaintiff asserts that his inability to access a phone to call his family violates his Eighth and Fourteenth Amendment Rights. But "without a showing that basic human needs were not met, the denial of privileges cannot establish an Eighth Amendment violation." *Allen v. Alexsander*, No. 2:16-CV-245, 2017 WL 2952929, at *4–5 (W.D. Mich. July 11, 2017) (citation

---

[1] Plaintiff denies violating the protective order.

omitted). Nor does a phone restriction during his 148-day sentence violate his due process rights because the temporary loss of privileges while incarcerated does not implicate a constitutionally protected liberty interest. *See Graham v. Chicowski*, No. CV 16-12258, 2018 WL 4784666, at *5 (E.D. Mich. Apr. 5, 2018), *report and recommendation adopted*, No. 16-CV-12258, 2018 WL 3659337 (E.D. Mich. Aug. 2, 2018); *see also Alexsander*, 2017 WL 2952929, at *4–5 (collecting cases holding that loss of telephone privileges does not implicate a protected liberty interest and finding that 90-day phone restriction did not violate plaintiff's Eighth or Fourteenth Amendment rights).

Plaintiff also claims that being placed in administrative segregation violates his Eighth and Fourteenth Amendment rights. (Doc. 1 at 5). Absent "atypical and significant hardship," however, confinement in administrative segregation does not implicate liberty interests protected by the Due Process clause. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "Generally courts will consider the nature and duration of a stay in segregation in determining whether it imposes an atypical and significant hardship." *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citation and quotation marks omitted). Here, Plaintiff has purportedly been in administrative segregation since he began serving his sentence roughly two months ago. (Doc. 1 at 5). According to the Complaint, his release date is October 17, 2019. (Doc. 4 at 1). By itself, this duration of confinement is not an "atypical or significant hardship." *See Powell v. Washington*, 720 F. App'x 222, 226 (6th Cir. 2017) (holding that six months in administrative segregation does not constitute an "atypical and significant" hardship implicating inmate's due process rights); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997) (concluding that more than a year in administrative segregation did not implicate inmate's due process rights); *Dawson v. Norwood*, No. 1:06-CV-914, 2008 WL 7866181, at *6 (W.D. Mich. Sept. 16, 2008), *report and recommendation adopted*, No. 1:06-CV-914, 2010 WL

5

2232355 (W.D. Mich. June 1, 2010) ("Plaintiff was held in administrative segregation for approximately nine months. Administrative segregation of this limited duration is not an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." (citation and internal quotation marks omitted)).

Nor does confinement in administrative segregation violate Plaintiff's Eighth Amendment rights. "The Eighth Amendment prohibits any punishment which violates the civilized standards of humanity and decency, or involves the unnecessary and wanton infliction of pain." *Paige v. Manisto*, No. 2:06-CV-32, 2006 WL 335666, at *2 (W.D. Mich. Feb. 13, 2006) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). In the context of administrative segregation, "conditions must amount to a deprivation of life's necessities to be unconstitutional" and "depend[] on their severity or pervasiveness[.]" *Eaddy v. Foltz*, 782 F.2d 1041 (6th Cir. 1985) (finding that complaints relating to contaminated food, mice entering the cells, and unsanitary condition of leaking toilet, could, depending on their severity or pervasiveness, constitute a violation). But "[t]he mere fact that Plaintiff was placed in segregation, with nothing more, is insufficient to state an Eighth Amendment claim." *Paige*, 2006 WL 335666, at *2.

Here, the Complaint contains limited allegations regarding the nature of Plaintiff's confinement to administrative segregation. Indeed, his allegations are based entirely on the restriction of certain privileges and the fact alone that he was unfairly placed in administrative segregation, which, as explained, do not amount to constitutional violations. Nothing in the Complaint suggests that the nature of his confinement in administrative segregation is inconsistent with "the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. As a result, Plaintiff's claims fail as a matter of law.

Next, Plaintiff alleges that he did not receive a hearing before being placed in administrative segregation, did not receive an "administrative policy" regarding these terms, and has not received notice as to why he is being housed in administrative segregation. (Doc. 1 at 5). Notably, Plaintiff does not allege that he has used the institution's grievance procedure to no avail. Regardless, "[a]s this Court has recognized [ ], a 'prison inmate does not have an inherent constitutional right to an effective prison grievance procedure.'" *Pollock v. Lavender*, No. 2:11-CV-00114, 2011 WL 2148584, at *6 (S.D. Ohio May 31, 2011), *report and recommendation adopted*, No. 2:11-CV-00114, 2011 WL 2637329 (S.D. Ohio July 6, 2011) (quoting *Israfil v. Parks*, No. 2:10–cv–132, 2010 WL 4642978, at *1 (S.D. Ohio Aug. 18, 2010)). Therefore, Defendants' "failure to respond, or other deficiencies in the grievance process, . . . do not give rise to a plausible claim of federal constitutional dimension[.]" *Haywood v. Gifford*, No. 1:17-cv-398, 2017 WL 563316, at *3 (S.D. Ohio Oct. 4, 2017), *report and recommendation adopted*, No. 1:17-cv-398, 2017 WL 5598167 (S.D. Ohio Nov. 21, 2017) (collecting cases). And, since a violation of a constitutional right is required to obtain relief under § 1983, and there is no constitutional right to an effective grievance procedure, Plaintiff has failed to state a claim for relief. *Sales v. Hale*, No. 2:17-CV-689, 2017 WL 3457036, at *3 (S.D. Ohio Aug. 11, 2017), *report and recommendation adopted*, No. 2:17-CV-689, 2017 WL 4418578 (S.D. Ohio Oct. 5, 2017)

Finally, § 1983, requires a plaintiff not only to establish a deprivation of a right secured by the Constitution or laws of the United States, but also to show that such deprivation was caused by a person acting under color of state law. *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted). To plead the second element, a plaintiff must set forth facts showing that each defendant had "personal involvement" in the deprivation of his rights. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). Plaintiff's Complaint does

7

not provide sufficient factual content or context from which the Court could infer that Sheriff Baldwin or Sgt. Schrader caused Plaintiff's alleged constitutional violations. As such, these claims also fail.

### 2. *Immunity*

Briefly, Plaintiff has also brought suit against several Defendants that are immune from suit. First, Plaintiff challenges Judge Barrows' decision to restrict his privileges. (*See* Docs. 1, 4). But judicial immunity shields judges and other public officers "from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity is overcome only if the actions taken were not in the judge's judicial capacity and if the actions taken were in absence of all jurisdiction. *Id*. at 11–12. While Plaintiff alleges that Judge Barrows "does not have the right to act as a judge and as an administrative officer," (Doc. 4 at 1), he has not alleged facts that would show that Judge Barrows acted outside the scope of his judicial capacity. As such, Judge Barrows is immune from suit.

Second, while the allegations against Defendants Sheriff Baldwin and Sgt. Schrader are threadbare, to the extent Plaintiff is suing them for enforcing Judge Barrows' order, they enjoy immunity, too. *See Wilson v. Karnes*, No. 2:06-CV-392, 2009 WL 467566, at *6 (S.D. Ohio Feb. 24, 2009) (rejecting plaintiff's claim for false imprisonment because, after plaintiff's prison sentence, sheriff "had a duty to jail him pursuant to that court order") (citing *Mays v. Sudderth*, 95 F.3d 107, 113 (5th Cir. 1996) (holding that "an official acting within the scope of his authority is absolutely immune from a suit for damages to the extent that the cause of action arises from his compliance with a facially valid judicial order issued by a court acting within its jurisdiction")).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **GRANTED** (Doc. 3); however, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: September 17, 2019

/s/ Kimberly A. Jolson  
KIMBERLY A. JOLSON  
UNITED STATES MAGISTRATE JUDGE